The opinion of the Court was delivered by
Fb,ost, J.
Two verdicts have been found for the defendant; and the plaintiff by his motion demands a third trial. If the verdict were to be rendered by the Court, it would probably be different from those which the jury have found. But a light may be reflected on the trial óf a case, from circumstances known to the jurors, which cannot be transmitted through a report of the case. After two concurrent verdicts the Court usually yields to the finding of the jury ; and in this case a new trial cannot be granted on the ground, -that the verdict is not supported by the evidence.
It is plain that the motion cannot be granted on either of the two first grounds of appeal. It is the duty of the Judge to declare the law to the jury ; and it is the duty of the jury (subject to’the revision of this Court) to apply the law to the facts; and form their own conclusion on the combined issue of law and fact. It is discretionary with the Judge whether he will, or not, direct the jury to their conclusion, by announcing to them, his own. It appears that the Judge did state to them, not only his own opinion, but that also of a majority of this Court, in favor of the plaintiff’s recovery. Whether there was any necessity for the defendant to kill Bob, was a question of fact, which it was for the jury to determine ; and not a question of law for the decision of the Judge.
The third ground of appeal insists, that, in an action of trespass for killing a slave, if the general issue is pleaded, and the killing proved, the plaintiff must have a verdict; that every *79 matter of justification must be specially pleaded ; and that no evidence of justification, which may be admitted under the general issue, can support a verdict for the defendant. Such is the general rule in trespass for injuries to personal property. In the English Courts the rule is applied to inanimate or irrational property and to servants. But some embarrassment is produced in applying the rule, when the subject of the trespass is a slave. Trespass to recover damages for a homicide, is unknown to the English law. A servant has the same civil rights as his master ; and in trespass for the assault and battery of a servant, the defendant is restricted to the same defences, in pleading and evidence, as if the injury were done to the master. Our law does indeed, afford the same protection to the person of a slave against violence which it does to a freeman, except that on an indictment for the battery of a slave, the defendant may justify by proof of a sufficient provocation by word or act; and that less provocation from a slave may reduce murder to manslaughter, than would be required so to mitigate the crime if a freeman was killed. But, at the same time, our law admits property in a slave, and treats him as a chattel.
In considering the civil remedy of the owner to recover damages, when his slave is killed, it is necessary to be careful that the judgment is not misled by abhorrence of the crime. The law gives no special action for the killing of a slave. The remedy and the form of action are the same, whether the slave is only beaten, or killed. In either case, the action is trespass for assault and battery. The assault and battery is the cause of action ; the grievousness and consequence of the battery is the measure of damages. These vary in proportion to the injury done to the plaintiff’s property, according as the slave may be wounded, maimed, or killed.
The defendant resists the plaintiff’s recovery, in this case, on the ground, that he killed the plaintiff’s slave in self-defence. That may excuse, but cannot justify a homicide. It therefore cannot be pleaded in justification. Lord Coke says, whenever a man cannot have advantage of the special matter by way of *80 pleading, he shall take advantage of it, in evidence; for example, the rule of law is, that a man cannot justify in the killing or death of a man; and therefore, in that case, he shall be received to give the special matter in evidence; as that it was, se defendendo; or in defence of.his domicile. Co. Lit. 283, a; Bull. N. P. 298.
Under the rule of pleading contended for, how. can the defendant protect himself, if he has killed the slave of the plaintiff, by his license or command ? Such license may make the plaintiff accessary to the murder, but cannot justify the homicide ; and a plea of license would be demurrable.
Nor can the defendant justify the battery of a slave by the command of his owner, if it exceeds lawful punishment; for it is an indictable offence and a breach of the peace. If two engage in a boxing match, one may sue the other. Buntler vs. Clarke, Bull. N. P. 17. A license of the plaintiff to the defendant to beat the plaintiff is unlawful, because it is a breach of the peace ; Matthew vs. Ollerton, Comb. 118. The battery of a slave is equally with the battery of his owner, a breach of the peace ; and the license of the plaintiff to beat his slave, can no more be pleaded in justification, than the license of the plaintiff to beat himself. If such license, then, cannot avail the defendant, as a complete defence under the general issue, then the plaintiff must have a verdict. When the plaintiff has thus obtained a verdict the defendant is overtaken by another rule, that in an action of trespass for injuries to personal property, if the jury find a verdict for the plaintiff, the measure of the damages, is the value of the property destroyed.
Since then, the defendant cannot plead in justification of the killing or battery of a slave, the license of the master; nor in the case of killing, that he acted in self-defence ; if these defences cannot protect the defendant, under the general issue, then notwithstanding the defendant may establish them by the most satisfactory proof, yet according to the rule of pleading contended for, and the rule of damages in trespass, the defendant must be condemned to the amount of the value of the slave, *81 if he was killed; or to the full extent of the plaintiff’s damage, in consequence of the battery.
There is yet another practical difficulty in the rule contended for. Whenever the defendant justifies a battery, he must confess it; otherwise, on demurrer, the plaintiff shall have judgment. Bull. N. P. 19. Most frequently, when a slave is killed, only slaves are present; and there is no witness of the circumstances. If, in such case, it is necessai*y to justify,- by a special plea, whereby the killing or battery is admitted, how can the defendant prove that he acted in self-defence ?
If the defendant is indicted for a murder, committed when no white person was present, under the Act of 1740 he may exculpate himself by his own oath and be acquitted. Yet it is contended that if the plaintiff, in an action of trespass, produces in evidence the confessions of the defendant, showing that he killed the plaintiff’s slave in self-defence, that shall not protect the defendant. It would seem proper that evidence which would acquit the defendant of murder, should avail to protect him in a civil action for damages.
The protection which the law gives to a slave as a reasonable being, in the peace of the State, and the criminal liability which is incurred by unlawful violence to his person, prevent those defences, by pleas of justification, which, if the trespass were committed to ordinary chattels, are required to be specially pleaded. Besides, defences must arise, in trespass for the beating of a slave, which cannot occur in trespass to inanimate or irrational chattels. A slave may offend by insolence, rudeness, violence and insubordination. Such offences, public policy, in the treatment of slaves, permits or requires to be repressed by private citizens, without any .official warrant. It seems not to be an unreasonable protection to the defendant to permit those defences which cannot be pleaded in justification in trespass for assault and battery of a slave, to be given in evidence and support a verdict for the defendant under the general issue. Such, it is my impression, is the practice. I do not recollect an in *82 stance of a defence, in such an action, by special plea in justification.
On these grounds, some members of the Court rest the refusal of a new trial, under the third ground of appeal.' Other members of the Court rest the refusal on the ground, that the reason why matters in justification must be specially .pleaded, is, that the plaintiff may not be surprised; and that the reason does not apply where, $s in this case, the plaintiff must be apprised, by the evidence which he produces in support of his action, of the defence which it affords to the defendant.
Besides, it is apparent from the verdict, that if the jury had been instructed, and guided in their verdict, according to the third ground of appeal, the verdict would have found only nominal damages. After two verdicts against the plaintiff the Court will not send the case back for a third trial, when it is so palpable that nominal damages only will be the result. ■ Elwell vs. Bradham, 2 Spears 168. The motion is dismissed.
Wardlaw, and Whitner, JJ., concurred.